IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38452-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JASON D. FLETT, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Jason Flett is presently serving the sentence imposed for his 2014 conviction of a first degree murder committed in 2012. At his original sentencing, Mr. Flett's offender score was determined to be 7, which included two convictions for simple possession of a controlled substance.

After former RCW 69.50.4013(1) (2017) was held to be unconstitutional in *State v. Blake*, 197 Wn.2d 170, 481 P.3d 521 (2021), Mr. Flett moved the trial court for resentencing. At resentencing, the court explained to Mr. Flett that because the murder conviction for which he was being resentenced remained valid, the only change the court was going to make was an arithmetic reduction to account for the corrected offender score's impact on the standard range. It reduced his term of confinement from 588 months to 526 months based on a corrected offender score of 5.

Consistent with the court's position that it was not otherwise modifying the judgment and sentence, it made a handwritten notation—"previously imposed"—on the sections of the amended judgment and sentence dealing with terms of community custody and legal financial obligations (LFOs). Clerk's Papers (CP) at 51-52. In Mr. Flett's original judgment and sentence, both sections had been completed. The section dealing with terms of community custody had originally been completed to identify six conditions that applied. The LFO section was originally completed to identify $6,550 in total LFOs, consisting of a $500 victim assessment fee, $200 in court costs, a $100 DNA (deoxyribonucleic acid) collection fee, and $5,750 in restitution.

As can be seen by the sections of the *amended* judgment and sentence dealing with community custody and LFOs, which we include in an appendix, the court left those provisions of the judgment and sentence form uncompleted apart from its "previously imposed" notation.

Mr. Flett timely appealed, an order of indigency was entered by the trial court, and Mr. Flett was appointed counsel for the appeal.

ANALYSIS

The only error assigned on appeal is that in resentencing Mr. Flett, the trial court imposed a "repeat" DNA fee "after having previously collected DNA" and "after previously collecting a DNA fee." Appellant's Opening Br. at 1-2. Mr. Flett argues that this is prohibited by RCW 43.43.7541, which provides in relevant part:

2

Every sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars unless the state has previously collected the offender's DNA as a result of a prior conviction.

The collection of offender DNA from felons has been required by Washington statutes since 2002. *See* LAWS OF 2002, ch. 289, §§ 2, 4. Mr. Flett has prior felonies. Nevertheless, as the State points out, the record on appeal is silent on whether the State has in fact previously collected Mr. Flett's DNA, or the DNA fee, as a result of a prior conviction.

Contrary to Mr. Flett's contention, the amended judgment and sentence does not impose a "repeat" DNA fee. It includes what the State characterizes as "autofilled" entries for the DNA and victim assessment fees in the LFO section. Br. of Resp't at 1. There is no entry of any "total" liability for LFOs on the amended judgment and sentence. Reasonably read, it incorporates, rather than reproducing, the community custody terms and LFOs earlier imposed.

While there were other ways to complete the amended judgment and sentence (including ways that could be more helpful to the Department of Corrections (DOC)[1]) no risk of Mr. Flett being double-charged is shown. Just as the amended judgment and sentence would not be read as imposing an additional 526 months' confinement on top of

_____

[1] Knowing that resentencing courts will work from a proposed judgment and sentence submitted by the prosecutor, we propose that the State, in the future, work from a photocopy of the original judgment and sentence, making redactions or additions as needed. That way, DOC will need to refer only to the amended judgment and sentence itself, without the need to look back to the original judgment and sentence.

No. 38452-7-III
*State v. Flett*

the 588 months' confinement previously imposed, it would not be read as imposing a

second $100 DNA fee for the first degree murder committed by Mr. Flett in 2012.  The

result of the resentencing was an "amended" judgment and sentence, not a supplemental

one.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

Siddoway, C.J.

WE CONCUR:

Fearing, J.

Lawrence-Berrey, J.

4

## APPENDIX

### (Relevant provisions of amended felony judgment and sentence)

(B) While on community custody, the defendant shall: (1) report to and be available for contact with the assigned community corrections officer as directed; (2) work at DOC-approved education, employment and/or community restitution (service); (3) notify DOC of any change in defendant's address or employment; (4) not consume controlled substances except pursuant to lawfully issued prescriptions; (5) not unlawfully possess controlled substances while on community custody; (6) not own, use, or possess firearms or ammunition; (7) pay supervision fees as determined by DOC; (8) perform affirmative acts as required by DOC to confirm compliance with the orders of the court; and (9) for sex offenses, submit to electronic monitoring if imposed by DOC; and (10) abide by any additional conditions imposed by DOC under RCW 9.94A.704 and .706. The defendant's residence location and living arrangements are subject to the prior approval of DOC while in community placement. For sex offenders sentenced under RCW 9.94A.709, the court may extend community custody up to the statutory maximum term of the sentence.

The court orders that during the period of supervision the defendant shall:

[ ] consume no alcohol.  *previously improved*

[ ] no use or possession of Marijuana and or products containing Tetrahydrocannabionnol (THC)

[ ] have no contact with:_____.

[ ] remain [ ] within [ ] outside of a specified geographical boundary, to wit: _____
_____.

[ ] not reside within 880 feet of the facilities or grounds of a public or private school (community protection zone). RCW 9.94A.030.

[ ] participate in an education program about the negative costs of prostitution.

[ ] participate in the following crime-related treatment or counseling services:_____
_____.

[ ] undergo an evaluation for treatment for [ ]domestic violence [ ]substance abuse [ ]mental health [ ]anger management and fully comply with all recommended treatment.

[ ] comply with the following crime-related prohibitions:
_____.

[ ] Other conditions:_____
_____

(C) For sentences imposed under RCW 9.94A.507, the Indeterminate Sentence Review Board may impose other conditions (including electronic monitoring if DOC so recommends). In an emergency, DOC may impose other conditions for a period not to exceed seven working days.

[] 1. That the defendant be required to observe a curfew of __ PM to __ AM, unless gainfully employed during these hours. During the period of the curfew, the defendant is required to be physically at his/her residence, as approved by the Department of Corrections (DOC). The DOC-approved residence must have operational residential telephone service.

[] 2. That the defendant not be allowed to have any association or contact with known felons or gang members or their associates. A specific list will be

**FELONY JUDGMENT AND SENTENCE (FJS) (Prison)**            **PAGE 7**
**(Sex Offense and Kidnapping of a Minor Offense)**
**(RCW 9.94A.500, .505)(WPF CR 84.0400 (6/2014))**

provided to the defendant by DOC and updated as required by the assigned Community Corrections Officer (CCO).

[ ] 3. That the defendant shall have no new law violations. The term law violations includes any cases heard by any city, state or federal courts.

[ ] 4. That the defendant shall not initiate any contact, directly or indirectly, with any person listed as a witness, victim, law enforcement officer or court official, excluding his/her defense attorney, as a result of this case.

[ ] 5. That the defendant shall not be in any of the specific locations or areas as noted below: _____

_____
_____
_____

[ ] 6. That the defendant shall not wear clothing, insignia, medallions, etc., which are indicative of gang lifestyle. Furthermore, that the defendant shall not obtain any new or additional tattoos indicative of gang lifestyle.

[ ] 7. That the defendant shall notify the CCO of any vehicles owned or regularly driven by him/her.

[ ] 8. That the defendant shall diligently seek and maintain part- time or full-time employment at a business approved by the CCO, or be enrolled in and attending a part-time or full-time educational or vocational program.

Court Ordered Treatment: If any court orders mental health or chemical dependency treatment, the defendant must notify DOC and the defendant must release treatment information to DOC for the duration of incarceration and supervision. RCW 9.94A.562.
(D) If the defendant committed the above crime(s) while under age 18 and is sentenced to more than 20 years of confinement:
(i) As long as the defendant's conviction is not for aggravated first degree murder or certain sex crimes, and the defendant has not committed any crimes after he or she turned 18 or committed a major violation in the 12 months before the petition is filed, the defendant may petition the Indeterminate Sentence Review Board (Board) for early release after the defendant has served 10 years.
(ii) If the defendant is released early because the petition was granted or by other action of the Sentence Review Board, the defendant may be subject to community custody under the supervision of the DOC for a period of time determined by the Board. The defendant will be required to comply with any conditions imposed by the Board.

**4.3a** **Legal Financial Obligations:** The defendant shall pay to the clerk of this court:
JASS CODE
PCV   $500.00 Victim Assessment RCW 7.68.035 *previously imposed*
PDV   $_____Domestic Violence Assessment RCW 10.99.080
CRC   $_____Court costs, including: RCW 9.94A.760, 9.94A.505, 10.01.160, 10.46.190

---

FELONY JUDGMENT AND SENTENCE (FJS) (Prison)                                    PAGE 8
(Sex Offense and Kidnapping of a Minor Offense)
(RCW 9.94A.500, .505)(WPF CR 84.0400 (6/2014))

No. 38452-7-III
*State v. Flett*
Appendix

|  | | Criminal Filing fee | $200.00 (RCW 36.18.020(2)(h)) | FRC |
|---|---|---|---|---|
|  | | Witness costs | $_____ | WFR |
|  | | Sheriff service fees | $_____ | SFR/SFS/SFW/WRF |
|  | | Jury demand fee | $_____ | JFR |
|  | | Extradition costs | $_____ | EXT |
|  | | Other | $_____ | |

PUB   $_____ Fees for court appointed attorney RCW 9.94A.760

WRF   $_____ Court appointed defense expert and other defense costs RCW 9.94A.760

FCM/MTH   $_____ Fine RCW 9A.20.021; [ ] VUCSA chapter 69.50 RCW, [ ] VUCSA additional fine deferred due to indigency RCW 69.50.430

CDF/LDI/ FCD/NTF/ SAD/SDI   $_____ Drug enforcement fund of _____ RCW 9.94A.760

MTH   $_____ Meth/Amphetamine Cleanup Fine, $3000. RCW 69.50.440, 69.50.401(a)(1)(ii)

CLF   $_____ Crime lab fee [ ] suspended due to indigency RCW 43.43.690

  $____100____ DNA collection fee RCW 43.43.7541

FVP   $_____ Specialized forest products

PPI   $_____ Trafficking/Promoting prostitution/Commercial sexual abuse of minor fee (may be reduced by no more than two thirds upon a finding of inability to pay.) RCW 9A.40.100, 9A.88.120, 9.68A.105

  $_____ Other fines or costs for:_____

DEF   $_____ Emergency response costs ($1,000 maximum, $2,500 max. effective August 1, 2012) RCW 38.52.430

  Agency: _____

RTN/RJN   $_____ Restitution to: _____
<span style="font-size:smaller">(Name and Address-address may be withheld and provided confidentially to Clerk's Office)</span>

  $_____ **TOTAL** RCW 9.94A.760

[ ] The above total does not include all restitution or other legal financial obligations, which may be set by later order of the court. An agreed restitution order may be entered. RCW 9.94A.753. A restitution hearing:
   [ ] shall be set by the prosecutor
   [ ] is scheduled for _____

[ ] The defendant waives any right to be present at any restitution hearing (sign initials):_____

[ ] *Restitution*. Schedule attached.

[ ] Restitution ordered above shall be paid jointly and severally with:
**NAME** of other defendant   *Cause Number*   (Victim Name)   (Amount$)

RJN   _____
  _____

**FELONY JUDGMENT AND SENTENCE (FJS) (Prison)**        PAGE 9
(Sex Offense and Kidnapping of a Minor Offense)
(RCW 9.94A.500, .505)(WPF CR 84.0400 (6/2014))

CP at 51-53.